IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Tony Clark,<br>    *Plaintiff*,<br>        v.<br>Barry T. Stovall and Swift Transportation Co. of Arizona, LLC,<br>    *Defendants*. | Civil Action File No.<br>1:25-CV-02020-JPB |

### Defendants' Motion to Exclude Causation Testimony from Improperly Disclosed Treating Physician Expert Witnesses

COME NOW Defendants Barry T. Stovall and Swift Transportation Co. of Arizona, LLC (together, "Defendants"), pursuant to Federal Rules of Civil Procedure 26 and 37, and hereby move to preclude Plaintiff from presenting any expert testimony from his improperly disclosed witnesses.

### Facts[1]

Discovery closed in this matter on January 9. During the discovery period, Plaintiff attempted to disclose one retained expert witness,[2] Dr. Aarian Afshari, a Life Care Planner,[3] and several of his medical providers

---

[1] The facts of the underlying automobile accident are set forth in Defendants' accompanying Motion for Partial Summary Judgment. Because this Motion only addresses procedural issues, the factual background is limited to those details necessary to resolve this request.

[2] *See* Doc. 25.

[3] Plaintiff's disclosure of Dr. Afshari is deficient under Rule 26(a)(2)(B) in multiple respects. Most immediately, Plaintiff failed to comply with Rule 26(a)(2)(B)(vi), which requires "a statement of the compensation to be paid for the study and testimony in the case." Plaintiff did not disclose what Dr. Afshari has been paid, billed, or will be paid for his work in this matter. Instead, Plaintiff produced only a generic LCPpro fee schedule

as experts and non-retained experts. But as with Dr. Afshari, Plaintiff failed to properly identify these purported experts in compliance with Fed. R. Civ. P. 26(a)(2)(C).

On August 27, 2025, Plaintiff filed his "Identification of Treating Physician[*sic*] As Non-Retained Expert" (Doc. 22), in which he tried—and failed—to disclose seven additional treating physicians as expert witnesses. (Doc. 22, p. 1.) Those doctors and their specialties are as follows:

> **(1) Erik T. Bendiks, M.D. (orthopedic surgeon);**
>
> **(2) Roland Hamilton, M.D. (neurologist);**
>
> **(3) Andrew Adams, RPT (physical therapist);**
>
> **(4) Tamara Greene, M.D. (neurologist);**
>
> **(5) Chad Barker, M.D. (radiologist);**
>
> **(6) Michael Connolly, M.D. (radiologist);**
>
> **(7) David Owens, M.D. (radiologist).**

---

reflecting the hourly rates Defendants would be charged to depose Dr. Afshari and the fees he would charge if called to testify at trial. (Doc. 25-4.) That document is not a statement of the compensation to be paid in this case and does not disclose any amounts charged or incurred for preparation of the life care plan itself. Plaintiff therefore has not satisfied Rule 26(a)(2)(B)(vi).

Separately—and more fundamentally—Dr. Afshari's report does not disclose the "facts or data considered" in forming his cost opinions as required by Rule 26(a)(2)(B)(ii). The report explains that when actual provider charges are unavailable, many of the projected costs are derived from median charge figures generated through LCPpro's proprietary "Median Cost Research" database, which functions as a black box unavailable for independent inspection or verification. Unlike publicly accessible datasets that can be independently reviewed and replicated, the LCPpro database is not available to opposing parties for inspection or verification. As a result, the underlying records, inputs, filters, and calculations used to generate the reported medians are not disclosed and cannot be evaluated.

Defendants therefore expressly reserve all rights to seek exclusion of Dr. Afshari's testimony in its entirety under Rule 37(c)(1).

For three of the non-radiologists, Drs. Bendiks, Hamilton, and Adams, Plaintiff offered the same generic wording, stating that each physician is "expected to testify about his physical examination, diagnoses, treatment, prognosis, recommendation for injections and future medical care of Plaintiff, in addition to offering opinions to a reasonable degree of medical certainty causing causation." (Doc. 22, pp. 1-3.) Beyond this laundry list of possible topics, Plaintiff provided no specific opinions to be offered or the bases of those undisclosed opinions.

As for Dr. Greene's disclosure, Plaintiff only altered his phrasing slightly, stating that she is "expected to testify about her physical examination, diagnoses, VNG testing, BrainCheck CQ test, treatment, prognosis, recommendation for future medical care of Plaintiff, in addition to offering opinions to a reasonable degree of medical certainty concerning causation." (Doc. 22, pp. 3-4.) Again, no specifics were provided.

Plaintiff made no other attempt to summarize the facts or information relied upon or the specific opinions to be offered by Drs. Bendiks, Hamilton, Adams, or Greene. Furthermore, for each of these non-radiologist physicians, Plaintiff stated that he "refers to the records" of that physician's "treatment and care of Plaintiff, which have already been produced." (Doc. 22, *supra*.)

In his attempted disclosures for the radiologist physicians, Plaintiff did go a step further by identifying specific imaging findings and asserting general causation opinions. However, those disclosures still failed to include any broader or specific opinions regarding medical

causation, aggravation versus degeneration, prognosis, permanence, or future care. (Doc. 22, pp. 4-6).

All seven disclosures were therefore improper. Under Rule 26(a)(2)(C), such disclosures must include the subject matter of the proposed expert testimony and a summary of the facts and opinions to be offered. Plaintiff provided neither.[4] Instead, his "disclosures" were boilerplate, listing only broad topics the supposed "experts" were expected to address, absent any of the specificity required by Rule 26 and impermissibly attempting to shift Plaintiff's disclosure burden onto Defendants by referencing a universe of medical records and forcing Defendants to speculate about the opinions Plaintiff intends to elicit.

## Argument & Citation of Authority

It is well-settled that a treating physician who is expected to offer expert opinions must be properly disclosed under Rule 26(a). *See Patrick v. Henry Cty.*, No. 1:13-cv-01344-RWS, 2016 U.S. Dist. LEXIS 67101, at *8 (N.D. Ga. May 23, 2016). And it is equally well-settled that "when a treating physician testifies to the cause of an injury or illness, he or she testifies as an expert." *Id.* at *7. *See also Ables-Thomas v. MV Contract Transp., Inc.*, No. 1:18-cv-03252-SDG, 2020 U.S. Dist. LEXIS 257404, at *4 (N.D. Ga. Dec. 21, 2020).

As set forth in the accompanying Motion for Partial Summary Judgment, Plaintiff seeks recovery for a series of medically complex, non-

---

[4] Despite having no obligation to do so, Defendants alerted Plaintiff of his failure to properly identify experts in a December 17, 2025 letter and expressly requested supplementation before the close of discovery. Plaintiff refused. Having been placed on clear notice of the Rule 26 defects and given an opportunity to cure them, Plaintiff made a deliberate decision to stand on these facially deficient disclosures.

intuitive conditions, which are difficult to attribute to a car accident without expert testimony. In fact, Georgia law *requires* a plaintiff claiming such injuries to present expert medical causation testimony. *See Cowart v. Widener*, 287 Ga. 622 (2010). Thus, to introduce testimony regarding his alleged injuries as a result of the underlying accident, Plaintiff was required to identify his experts and provide either Rule 26(a)(2)(B) or (C) disclosures prior to the close of discovery. Plaintiff did neither.

Under Rule 26(a)(2)(C),[5] a proper expert disclosure must include "a summary of the facts and opinions to which the witness is expected to

---

[5] Rule 26(a)(2)(C) applies to non-retained expert witnesses and requires only a "summary" of opinions. In the context of treating physicians, that label carries little independent weight, because the disclosures required "depend on the nature of the testimony he or she will give." *Rangel v. Anderson*, 202 F. Supp. 3d 1361, 1365 (S.D. Ga. 2016); *see also Cedant v. United States*, 75 F.4th 1314, 1324 (11th Cir. 2023) (discussing the disclosures requires of treating physician and stating that "[t]he expert's job title, the subject or scope of his testimony, and the way that he formed his opinions are irrelevant inquiries for Rule 26(a)(2) purposes."). A retained expert must provide all information required by Rule 26(a)(2)(B). *See Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 696 (N.D. Ga. 2006) ("When FRCP 26(a)(2)(B) applies, the expert must file an expert report containing 'a complete statement of all opinions to be expressed and the basis and reasons therefor along with the data or other information considered by the witness.'" (alterations accepted)). In the context of causation and future medical care, whether a provider must submit a full Subsection (B) report rather than a Subsection (C) summary can present a fact-intensive question. *See Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 423-24 (M.D.N.C. 2005) ("A treating physician is a participant or fact witness when it comes to describing the diagnosis and treatment of a party's condition. However, because of the physician's specialized training and knowledge, when the physician testifies, he or she testifies as an expert witness. Therefore, the physician must be disclosed as an expert because he or she is relying on scientific, technical, or other specialized knowledge. When the treating physician goes beyond the observations and opinions obtained by treating the individual and 'expresses opinions acquired or developed in anticipation of trial, then the treating physician steps into the shoes of an expert who may need to provide a Rule 26(a)(2)(B) report.").

Defendants address Rule 26(a)(2)(C) because Plaintiff's disclosures do not satisfy even that lesser standard. By focusing on Subsection (C), Defendants do not concede that the treating providers are properly characterized as non-retained experts or that full Rule 26(a)(2)(B) reports are unnecessary. Defendants simply note that a disclosure that fails to

testify." While these summary disclosures are "considerably less extensive than the written report required from retained experts under Rule 26(a)(2)(B)," "[n]evertheless, the party employing the witness must provide sufficient detail to enable the opposing party to prepare a defense. *For example, a mere list of names and short descriptions as to treatment that do not provide the general subject matter of the proposed testimony, or a submission of medical records alone, is not sufficient to meet the Rule 26(a)(2)(C) disclosure requirement.*" 6 MOORE'S FEDERAL PRACTICE - CIVIL § 26.23 (2026) (emphasis added).

> As Professor Moore succinctly explains:
>
>> The "summary of opinions" must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. A "summary of the facts" means a brief account of facts on which the expert actually relied on forming the expert's opinions. Merely stating topic matters of facts relied on does not suffice.

*Id.*

Consistent with that guidance, courts in the Eleventh Circuit, including this one, have repeatedly held that Rule 26(a)(2)(C) requires more than a list of medical providers or a broad recitation of subject areas. *See, e.g. Ables-Thomas*, 2020 U.S. Dist. LEXIS 257404 at *7-*9 (excluding causation testimony where treating physician disclosures failed to summarize opinions and bases); *Scott v. Carnival Corp.*, No. 1:23-cv-21936-KMM, 2024 LX 161448, at *24 (S.D. Fla. Mar. 12, 2024) ("holding

---

meet the minimal requirements of Subsection (C) necessarily cannot satisfy the more demanding requirements of Subsection (B).

that a plaintiff's initial disclosures which "merely state that Plaintiff intends to call these witnesses to testify concerning 'damages and opinions regarding causation'" "clearly fail[] to satisfy the disclosure requirements of Rule 26, which requires 'a summary of the facts and opinions to which the witness is expected to testify.'"); *Worley v. Carnival Corp.*, No. 21-CIV-23501-Moreno/Goodman, 2023 U.S. Dist. LEXIS 14327, at *10-12 (S.D. Fla. Jan. 27, 2023) (holding that "laundry list" disclosures that do not identify specific opinions or supporting facts do not comply with Rule 26(a)(2)(C)); *Heard v. Town of Camp Hill*, No. 3:16-cv-00856-WKW-GMB, 2017 U.S. Dist. LEXIS 134550, at *8 (M.D. Ala. Aug. 23, 2017) (finding the plaintiff's disclosures inadequate because the plaintiff"[had] done little more than sketch out the broad contours of the subjects about which his experts [would] testify" and therefore "ha[d] [not] linked those opinions to the facts on which they [were] based, as required by Rule 26(a)(2)(C)").

      Moreover, this Court has also held that blanket references to "medical records"—as Plaintiff has offered here—fail to cure those deficiencies either. Rule 26 requires an *affirmative* summary of the opinions to be offered and the facts supporting those opinions. It does not permit a party to substitute voluminous medical records as the foundation for disclosure. *See Ables-Thomas*, 2020 U.S. Dist. LEXIS 257404, at *8-*9 (rejecting reliance on medical records in lieu of a compliant summary and excluding causation testimony); *see also Small v. Amgen, Inc.*, 2017 U.S. Dist. LEXIS 218989 (M.D. Fla. Feb. 15, 2017) (stating that "Plaintiffs' vague references to 'medical records' in each purported summary do not salvage the situation because they essentially tell

Defendants nothing" and finding that the "Plaintiffs' purported summaries and vague references to medical records do not come close to satisfying the disclosure requirement imposed by Fed. R. Civ. P. 26(a)(2)(C)(ii)."); *Worley*, 2023 U.S. Dist. LEXIS 14327, at *10-*12 (holding that references to medical records do not satisfy Rule 26(a)(2)(C) and are insufficient); *O'Brien v. NCL (Bahamas) Ltd.*, No. 16-23284-CIV-Lenard/Goodman, 2017 U.S. Dist. LEXIS 222834, at *16 (S.D. Fla. Aug. 25, 2017) (holding that a Rule 26(a)(2)(C) "summary" that merely identified subject matter and referred the opposing party to the plaintiff's medical records was insufficient, because it "fail[ed] to provide sufficient factual information," and thus did not satisfy the disclosure obligations).

      Here, Plaintiff's disclosures contain those exact shortcomings rejected by this Court and its peers across the Eleventh Circuit. Terms like "diagnoses," "treatment," and "prognosis" are the kind of generalized topics that have time and time again been held insufficient to satisfy Rule 26. They do not identify the actual opinions to be offered or the factual basis for each physician's opinion.[6] As written, these disclosures do not allow Defendants to determine what opinions, if any, Plaintiff intends to elicit. Furthermore, Defendants ought not be required to cull through a mass of medical records to ascertain the very information Plaintiff himself is required to provide.

---

[6] This is the case for *both* the non-radiologist treating physicians and the radiologists. While Defendants appreciate that Plaintiff attempted to provide some additional detail in disclosing the radiologist providers, those disclosures still fail to meet the threshold required under Rule 26. To the extent Plaintiff intends to limit the radiologist providers strictly to testimony regarding the interpretation of the identified imaging studies and the existence of those findings, Defendants do not dispute that such testimony may fall within the scope of what has been disclosed.

Plaintiff failed to properly disclose Drs. Bendiks, Hamilton, Adams, Greene, Barker, Connolly, and Owens as experts within the applicable discovery period. As such, this Court should bar Plaintiff from using them to provide causation testimony. Fed. R. Civ. P. 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In analyzing Rule 37, courts in this Circuit apply a five-factor test that considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Salim Merch. V. Allstate Fire*, 2023 U.S. Dist. LEXIS 181271, at *8 (N.D. Ga. Sep. 20, 2023) (citation omitted).

All five factors weigh in favor of exclusion here: (1) Plaintiff has provided Defendants no substantive information as to what these physicians might testify, so Defendants would be inherently surprised by any testimony offered; (2) the surprise cannot be cured, since discovery is closed, and the Court already granted the parties a discovery extension; (3) reopening discovery would disrupt the schedule, especially considering that discovery has already been extended once, (4) the testimony is "important" only because Plaintiff failed to secure and disclose proper experts; and (5) Plaintiff has no legitimate explanation for

why he failed to properly disclose his treating providers during the discovery period.[7] Exclusion is required.

## Conclusion

If a party plans to use a treating physician to offer expert testimony, that expert must be properly disclosed under Rule 26(a). Plaintiff attempted to disclose seven different physicians as expert witnesses, but his purported "disclosures" fell well short of the requirements imposed by Rule 26. Pursuant to Rule 37, exclusion is the default remedy for failures to disclose such as Plaintiff's here. Accordingly, Plaintiff's improperly disclosed treating providers should be precluded by this Court from offering expert testimony.

Respectfully submitted, this 9th day of February 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (fax)
skeith@hpylaw.com
jweiss@hpylaw.com

C. Shane Keith
Georgia Bar No. 411317
Jacob M. Weiss
Georgia Bar No. 303709
*Counsel for Defendants*

---

[7] Plaintiff's refusal to supplement his disclosures after being placed on notice of the Rule 26 defects only reinforces that his noncompliance is unjustified and willful. Exclusion is therefore not a harsh remedy; it is the predictable and mandated consequence of disregarding the expert disclosure rules after notice and an opportunity to cure.

## Certificate of Service

I hereby certify that on this 9th day of February 2026, my office filed the foregoing *Motion to Exclude Expert Testimony from Improperly Disclosed Witnesses* using the Court's ECF/NextGen electronic filing system, which will automatically provide notice of filing and a copy of the Motion to all counsel of record.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
*Counsel for Defendants*

## Certificate of Compliance

Pursuant to Local Rule 5.1(C), I hereby certify that the foregoing Motion was prepared using Book Antiqua, 13-point font.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
*Counsel for Defendants*