IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>BARRY STOVALL and SWIFT TRANSPORTATION OF ARIZONA, LLC,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:25-cv-02020-JPB |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE CAUSATION TESTIMONY FROM IMPROPERLY DISCLOSED TREATING PHYSICIAN EXPERT WITNESSES

COME NOW, Plaintiff TONY CLARK files this brief in response to Defendants' Motion to Exclude Opinions and Brief in Support thereof (Doc. 36) (the "Motion"). The Motion asks the Court to impose the sanction of striking or excluding Dr. Erik T. Bendiks, Dr. Roland Hamilton, RPT Andrew Adams, Dr. Tamara Greene, Dr. Chad Barker, Dr. Michael Connolly, and Dr. David Owens (the "Treating Physicians"). Plaintiff moves this Court to deny Defendants' Motion, respectfully showing as follows:

### I. FACTUAL BACKGROUND & RELEVANT PROCEDURAL HISTORY

On August 29, 2024, Tony Clark was involved in a vehicular collision, which resulted in significant injuries. Following the incident, Mr. Clark sought medical attention from several healthcare providers. Dr. Erik T. Bendiks, an orthopedic surgeon, treated Mr. Clark for neck and back pain, providing diagnoses and recommending future medical care. Dr. Roland Hamilton, a neurologist, addressed Mr. Clark's complaints of headaches and brain injuries, offering treatment and prognostic evaluations. Physical therapist Andrew Adams designed a recovery plan to improve Mr. Clark's mobility and pain relief. Dr. Tamara Greene, another neurologist, conducted various tests to manage Mr. Clark's brain injuries. Radiologists Dr. Chad Barker, Dr. Michael Connolly, and Dr. David Owens reviewed diagnostic images, identifying spinal and brain abnormalities likely caused by the collision. These medical evaluations and treatments substantiate Mr. Clark's claims of injury and the necessity for ongoing medical care, highlighting the impact of the collision on his health and supporting the admissibility of expert testimony regarding causation and damages.

On August 27, 2025, Plaintiff filed the subject Disclosures of Treating Physicians as Non-Retained Experts. [Doc. 22]. Approximately 112 days passed

before Defendants acknowledged the filing of the disclosure. Mere weeks prior to the close of discovery.[1]

## II.     ARGUMENT AND CITATIONS OF AUTHORITY

Defendants seek the sanction of excluding the testimony of Plaintiff's Treating Physicians, arguing the Court should grant this sanction as Defendants were unable to determine the subject matter the Treating Physicians would testify on. Ultimately, the Defendants disregarded discovery until December 2025 and now wish to have the Treating Physicians excluded. Defendants specifically point to Fed. R. Civ. P. 37(c)(1), which reads:

> (1) Failure to Disclose or Supplement. If a party <u>fails to provide information or identify a witness as required by Rule 26(a) or (e)</u>, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless.</u> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Emphasis added.

---

[1] This acknowledgement came after Defendants spent the entirety of the discovery period delaying party depositions and notably just before two major holidays which immediately preceded the close of discovery.

The pertinent requirements of Fed R. Civ. P. 26(a) and (e) regards expert testimony under Rule 26(a)(2), requiring disclosure of the expert witness and opinions:

> [A]t the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Accordingly, "Absent a court order saying otherwise, disclosure of expert testimony must occur 'at least 90 days before the date set for trial or for the case to be ready for trial.'" Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 811 (11th Cir. 2017) (citing Fed. R. Civ. P. 26(a)(2)(D)(i)).

Even when a party wholly fails to provide the disclosures required by Fed R. Civ. P. 26 and/or Local Rule 26.2, excluding expert witnesses as a sanction is not required, and is instead only one available option at the Court's discretion. See OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1365 (11th Cir. 2008) (finding that the district court abused its discretion in excluding late-disclosed expert testimony). "[I]n evaluating whether the exclusion of a late witness was an abuse of discretion, [a court] should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 811 (11th Cir. 2017) (citing Romero v. Drummond Co., 552 F.3d

1303, 1321 (11th Cir. 2008)). See also In re Terazosin Hydrochloride Antitrust Litig., 2005 WL 5955699, at *9 (S.D. Fla. 2005) ("[E]xclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." (internal quotation marks omitted); Green-Berrios v. Sig Sauer, Inc., 2024 WL 1973587, at *2 (D.P.R. May 3, 2024) ("preclusion of expert testimony is a grave step, not to be undertaken lightly.").

### A. Plaintiff's Disclosures are Sufficient.

Treating physicians are subject to the less burdensome disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(C) rather than the full expert report requirements of Rule 26(a)(2)(B). The Eleventh Circuit in Cedant v. United States held that "for an expert witness to qualify as one 'retained or specially employed to provide expert testimony in the case' and to be subject to the disclosure requirements for retained experts, the witness must be one whose connection to the litigation was, from the beginning, as a paid expert witness." Cedant v. U.S., 75 F.4th 1314, 1326 (11th Cir. 2023). [D]isclosure under Rule 26(a)(2)(C) for non-retained experts is considerably less extensive than the report required by Rule 26(a)(2)(B) for retained experts, and [c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and

may not be as responsive to counsel as those who have. Milton v. C.R. Bard, Inc., No. 5:14-CV-00351-TES, 2021 WL 67356, at *8 (M.D. Ga. Jan. 7, 2021).

Ultimately, Plaintiff disclosed the Treating Physicians as "non-retained" experts. As non-retained experts, the disclosure requirements are less extensive as the case law above directs us. The disclosure of the Treating Physicians plainly informs the Defendants who the physicians are, what their medical discipline is, what the subject matter of their opinions are, and that their opinion will include that the collision caused the injuries they diagnosed and treated. Referring to the language as "boilerplate" does not change the nature of what the language communicated to the Defendants. Therefore, because Plaintiff's disclosure met the requirements under the Federal Rule, the disclosure of the Treating Physicians was sufficient.

Alternatively, should this Court find the disclosures are deficient in some manner, Plaintiff offers the following:

**B. Defendants' Delay in Raising Any Issue With the Disclosures Is A Waiver Of Any Perceived or Complained Prejudice.**

The Eleventh Circuit and District courts within it have established that parties must raise objections to expert disclosures in a timely manner or risk waiver. Where the opponent of the proffered expert fails to either attempt to resolve the defective expert report in good faith or fails to move for an order requiring a more detailed response under rule governing expert disclosure, that party cannot be heard to

complain of prejudice. <u>Woienski v. United Airlines, Inc.</u>, 383 F. Supp. 3d 1342 (M.D. Fla. 2019). In <u>Griffith v. Gen. Motors Corp.</u>, 303 F.3d 1276, 1283 (11th Cir. 2002), for instance, the Eleventh Circuit affirmed the district court's refusal to strike an expert on the basis of inadequate disclosures. In doing so, the panel explained that the objecting party should have raised the issue much earlier in the case:

> "We do not commend either party on its efforts to resolve this dispute. General Motors would do well to make sure that, in the future, its Rule 26 disclosures comport with both the spirit and the letter of the rule. Nonetheless, Griffith allowed this impasse to continue well beyond the point of good faith efforts to resolve the issue without court intervention, never moving for an order requiring any more detailed response under Rule 26."

<u>Griffith v. Gen. Motors Corp.</u>, 303 F.3d 1276, 1283 (11th Cir. 2002). The Circuit court ultimately held the trial court did not abuse its discretion by not striking the plaintiff's experts because the harm claimed by the defendants was self-inflicted by their own delay. <u>Id</u>.

Despite having been in possession of the Plaintiff's disclosure since August 27, 2025, the Defendants did not raise any objections to the disclosure of the Treating Physicians until only a couple weeks before the discovery deadline was set to expire

and never sought to depose them.[2] In fact, *112 days* passed after the disclosure was filed before the Defendants indicated their position as to the adequacy of the disclosure. See Kondragunta v. Ace Doran Hauling & Rigging Co., WL1189493, at *8(N.D. Ga. Mar. 21, 2013) ("the problem for defendants, though, is they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery … Had plaintiff resisted, defendants could have sought the intervention of the Court. Defendants did not do so, but instead laid in wait, hoping that plaintiffs non-compliance would doom his ability to offer any expert testimony.")

In Torres v. Wal-Mart Stores East, L.P., the court explained that deficiencies in expert disclosures may be harmless when discovery remains open and the objecting party has adequate time to depose the experts. Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276, 1296 (S.D. Fla. 2021). This delay in addressing the disclosure and the subsequent late action by the Defendants prejudiced the Plaintiff by compressing the timeline for resolving any potential issues, thereby impacting the orderly progression of the case. The Defendants' inaction over an extended period, followed by their last-minute objections, underscores a lack of diligence that should not be permitted to disrupt the case or alter what is already established. The Defendants wish to have a "trial by ambush" sanctioned by this Court.

---

[2] Even as of the filing of this Response, Defendants have not requested or inquired about deposing the Treating Physicians, thus calling into question whether this request to exclude is genuine.

C. **Even If Plaintiff's Identification Or Designation Of Experts Was Insufficient, Sanctions Would Be Improper As The Deficiencies In The Disclosure Was Harmless.**

Even if Plaintiff did not meet the Local or Federal Rule requirements, sanctions are not appropriate because the insufficiency is harmless. See Fed. R. Civ. P. 37(c)(1). This is not a case of complete failure to provide information about an expert witness. See OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) (overruling sanction of excluding expert, including considering "First, this is not a case of complete failure to provide information about an expert witness. Fitel identified Rafuse as its expert when it filed its complaint, confirmed that designation in its post-removal initial disclosures, and filed an affidavit of Rafuse with at least some information about her opinions.").

Courts routinely consider five factors when determining whether an insufficient [or untimely] disclosure is harmless:

    (1) the surprise to the party against whom the evidence would be offered;

    (2) the ability of that party to cure the surprise;

    (3) the extent to which allowing the evidence would disrupt the trial;

    (4) the importance of the evidence; and

    (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Hackler v. Gen Motors LLC, 2022 WL 16951664, at *3 (S.D. Ga. Nov. 15, 2022). In conjunction with these factors, courts consider the prejudice to the opposing party if the witness is allowed to testify." Id; see also Great N. Ins. Co. v. Ruiz, 2011 WL 321782, at *4 (S.D. Ga. Jan. 28, 2011) ("[A] failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to the disclosure."). Great N. Ins. Co. v. Ruiz, 2011 WL 321782, at *4.

### 1. There is no surprise to the party against whom the evidence would be offered (Defendants).

Firstly, Plaintiff served disclosures of the Treating Physicians on August 27, 2025. [Doc. 22] The Plaintiff's position that any deficiencies in the disclosures should be deemed harmless is strongly supported by the fact that the disclosures were filed on August 27, 2025, well before the discovery deadline of January 9, 2025. The disclosures identified exactly which physicians would be testifying, what their medical disciplines were, what the physicians would testify about, and that they would be giving an opinion on causation. This timeline and disclosure provided the Defendants ample opportunity to address any perceived deficiencies. In the case of Torres v. Wal-Mart Stores East, L.P., the court found that a deficiency in an expert witness summary was harmless when the opposing party was aware of the expert's involvement from the beginning and had all the necessary information to understand the scope and character of the testimony. Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276, 1296. The court emphasized that any harm claimed by the defendant

was self-inflicted due to their inaction in addressing the deficiency until late in the litigation process. Id.

Furthermore, the Eleventh Circuit and its District courts have consistently held that exclusion of expert testimony is not warranted when the opposing party fails to take timely action to address disclosure deficiencies. In Torres, the court noted that the defendant's failure to seek court intervention or request a more complete disclosure before the discovery cut-off undermined any claim of prejudice. Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276, 1296. The court highlighted that the burden is on the opposing party to act diligently in addressing any perceived deficiencies, and their inaction suggests that any claimed prejudice is not genuine. Id. This principle of fairness in discovery disputes supports the Plaintiff's argument that the Defendants' delay in addressing the disclosures undermines their claim of surprise or prejudice. So, it should come as no surprise that Plaintiff would be expected to call upon the disclosed Treating Physicians to opine on Plaintiff's injuries, treatment, and causal nexus between in the injuries, accident, and resulting treatment.

**2. Even if it was determined that a surprise existed, Plaintiff has the ability to cure the surprise.**

There is currently no trial date set, nor have there been any deadlines established for pretrial motions. In fact, Defendants have ample time to schedule

depositions of the identified Treating Physicians so that the trial may still take place this when they are complete. Plaintiff is more than willing to accommodate this request. Assuming the Defendants' complaint is genuine, this would cure any claimed harm of surprise as to what the Treating Physicians' opinions may be. Moreover, Defendants have had ample time to engage a rebuttal expert because they have been in possession of the Treating Physicians' disclosure, medical records, and bills for Plaintiff since Plaintiff produced them throughout discovery.

    **3. Third, permitting the testimony of the Treating Physicians would not disrupt or delay trial.**

As stated above, there is currently no trial date set, nor have there been any deadlines established for pretrial motions. Nonetheless, Plaintiff anticipates, Defendants may make much of the time and expense that it will need to incur to depose the Treating Physicians. Left unsaid is the fact that they would have had to spend that time and expense no matter what manner Plaintiff had disclosed their fact witnesses. The fact they will need to do so now is a fact for which they bear at least some responsibility given their own delay in addressing any alleged inadequacies in the disclosure. In sum, allowing the testimony will not delay the trial in this case or force the parties to recalibrate their trial strategies, certainly not at the last minute.

    **4. Fourth, the evidence is significantly important, because Plaintiff has brought a claim for personal injuries necessitating medical treatment and seeking relief for the medical expenses which naturally flow from the alleged negligence of the Defendants.**

The Plaintiff's position that the expert testimony remains crucial to the case, even if the disclosures were arguably deficient, is strongly supported by the educational role such testimony plays in aiding the jury's comprehension of complex medical issues. In <u>Torres v. Wal-Mart Stores East, L.P.</u>, the court recognized the importance of expert testimony in explaining the nature of injuries, their treatment, and ongoing monitoring, which is essential for the jury's informed evaluation of the claim. <u>Torres v. Wal-Mart Stores E., L.P.</u>, 555 F. Supp. 3d 1276. The court emphasized that the testimony of a treating physician was crucial to the litigation, as it provided the necessary context and understanding of the medical issues at hand, thereby aiding the jury in making an informed decision. <u>Id</u>.

Furthermore, the probative value of expert testimony, particularly from treating physicians, is well-established in legal precedents. The Eleventh Circuit has consistently held that when the causal link between alleged injuries and the incident at issue is not readily apparent to a layperson, expert medical testimony is typically required to establish causation. This principle underscores the necessity of expert testimony in clarifying complex medical issues for the jury, ensuring that they have a comprehensive understanding of the injuries and their implications. The testimony not only aids in explaining the medical aspects but also plays a pivotal role in establishing causation and damages, which are critical components of the Plaintiff's personal injury claim.

Additionally, the court in Torres highlighted that any deficiencies in the expert witness summary were deemed harmless, as the testimony was crucial to the litigation and there was no evidence of harm to the defendant. Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276. The court noted that the defendant was aware of the physician's involvement from the beginning of the case and had all it needed to understand the scope and character of the physician's testimony. Id. This reasoning supports the Plaintiff's argument that the expert testimony should be admitted, as it is essential for the jury's understanding and evaluation of the medical issues, and any claimed prejudice by the defendants is undermined by their inaction in addressing the purported deficiencies.

**5. Plaintiff disclosed his Treating Physicians on August 27, 2025.**

Similarly, the fifth factor favors Plaintiff. Plaintiff's failure to adequately disclose in the Treating Physicians in accordance with Fed. Civ. R. P. 26 is illusory because Defendants have been in possession of the disclosure since August 2025. Indeed, this is how they knew the names, medical discipline, and medical practice of each and every one of them in their Motion. (See Doc. 36, Defendant's Motion to Exclude Opinions). This underscores the Plaintiff's good faith effort to provide the Defendants with a disclosure Plaintiff believed to be sufficient in enough time to either raise a timely objection or depose the Treating Physicians and still be able to disclose any rebuttal experts. Any deficiency determined by the Court was not done

so purposefully with any intent to harm the Defendants. If anything, it was mere mistake, which if addressed timely could have been cured.

**B. Defendants Would Not Be Prejudiced By The Opinions Of The Treating Physicians**

Finally, Plaintiff cannot envision any real prejudice that Defendants will suffer, and certainly not any prejudice that cannot be cured. Defendants have been on notice since the outset of this case that Plaintiff intended to seek damages related to medical treatment necessitated by the subject collision. Defendants have further been on notice of the Treating Physicians' disclosure since August 27, 2025. At no point between August and the close of discovery did the Defendants request a deposition of the Treating Physicians nor did they move the Court to compel a more fulsome disclosure. Due to the lack of interest in deposing the Treating Physicians, failure to raise a timely objection, and complete lack of effort from the Defendants in conducting discovery, there is no possible prejudice that could be envisioned; and no indication throughout the entirety of the case Defendants genuinely were surprised.

**III.   CONCLUSION**

In sum, the disclosure of the Treating Physicians is not deficient. Alternatively, even if deemed deficient, the harm claimed by the Defendants was self-inflicted by their own delay. Plaintiff's disclosure of the Treating Physicians is

harmless and excluding their important opinions would be an excessive sanction that is unwarranted in this case. Plaintiff requests this Court deny Defendant's Motion to Exclude the opinions of Plaintiff's Treating Physicians. Plaintiff further request an oral hearing on the matter should this Court be inclined to grant Defendant's Motion.

This 19th Day of February, 2026.

Respectfully submitted,

**/s/ Edward J. Hardrick**
Edward J. Hardrick
Georgia Bar No. 606792
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
Main: (770) 576-7634
Fax: (770) 576-7684
Email: ehardrick@forthepeople.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **TONY CLARK,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**BARRY STOVALL and SWIFT TRANSPORTATION OF ARIZONA, LLC,**<br><br>　　　　**Defendants.** | **CIVIL ACTION FILE NO.**<br><br>**1:25-cv-02020-JPB** |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE CAUSATION TESTIMONY FROM IMPROPERLY DISCLOSED TREATING PHYSICIAN EXPERT WITNESSES** upon all parties via electronic mail to the following:

Shane Keith & Jacob M. Weiss
**Hawkins, Parnell, & Young, LLP**
303 Peachtree Street, Suite 4000
Atlanta, GA 30308
skeith@hpylaw.com
jweiss@hpylaw.com

　　This 19th of February, 2026.

                    Respectfully submitted,

                    **/s/ Edward J. Hardrick**
                    Edward J. Hardrick
                    Georgia Bar No. 606792
                    *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
11605 Haynes Bridge Road, Suite 490
Alpharetta, Georgia 30009
Main: (770) 576-7634
Fax: (770) 576-7684
Email:  ehardrick@forthepeople.com