# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Tony Clark,<br>*Plaintiff*,<br>v.<br>Barry T. Stovall and Swift Transportation Co. of Arizona, LLC,<br>*Defendants*. | Civil Action File No.<br>1:25-CV-02020-JPB |

## Defendants' Reply in Support of their Motion to Exclude Causation Testimony from Improperly Disclosed Treating Physician Expert Witnesses

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (fax)
skeith@hpylaw.com
jweiss@hpylaw.com

**Hawkins Parnell & Young, LLP**
C. Shane Keith
Georgia Bar No. 411317
Jacob M. Weiss
Georgia Bar No. 303709
*Counsel for Defendants*

**A.   Introduction**

Plaintiff's Response deflects from the central problem: his "expert disclosures" were nothing more than a generic list of topics his treating physicians might address. Rule 26 required more. Beyond general topics, it required a summary of the specific facts and opinions to which each witness would testify. Plaintiff did not provide that.

This is not a dispute about a technicality. It is a straightforward application of the disclosure rules. Plaintiff did not comply. He did not cure. The Rules provide the remedy.

Instead of addressing the deficiency head-on, Plaintiff argues that what he served was "enough" and attempts to shift responsibility to Defendants for not objecting sooner, relying almost exclusively on *Torres*.[1] That framing fails. The obligation to comply with Rule 26 rests squarely on the disclosing party.

Nor does timing rescue him. Defendants raised the deficiency before the close of discovery. Plaintiff had the opportunity to supplement. He chose not to.

Rule 37(c)(1) supplies the consequence. When a party fails to provide the required disclosure, the witness may not be used unless the failure was substantially justified or harmless. Exclusion is self-executing. Plaintiff has not met his burden to show either.

---

[1] *Torres v. Wal-Mart Stores, Inc.*, 555 F. Supp. 3d 1276 (S.D. Fla. 2021).

### B.  Plaintiff Failed to Comply with Rule 26(a)(2)(C)

Plaintiff contends that his largely duplicative "laundry lists" of general topics satisfy Rule 26(a)(2)(C). They do not. Plaintiff does not identify any portion of his disclosures that summarize any specific opinions and the facts supporting them. Instead, his "disclosures" list broad categories of anticipated testimony and refer generally to medical records. That is not what Rule 26(a)(2)(C) requires. The Rule demands a summary of the actual opinions to be offered and the facts on which they are based.

The law in this Circuit is clear: "laundry list" disclosures do not satisfy Rule 26(a)(2)(C). Such disclosures are rejected because they leave the opposing party to guess at what opinions will be offered. "A reader of the disclosure must have an idea of the opinion the witness will offer and of the facts on which the witness will base that opinion." *Worley v. Carnival Corp.*, No. 21-CIV-23501-MORE, 2023 U.S. Dist. LEXIS 14327, at *20 (S.D. Fla. Jan. 27, 2023).[2]

---

[2] Several of the cases cited by Plaintiff confirm this point. *See, e.g., Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 U.S. Dist. LEXIS 39143, at *12-13 (N.D. Ga. Mar. 20, 2013) (disclosure listing only broad subject areas fails Rule 26(a)(2)(C) because "[t]he reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion"; production of medical records does not cure the defect); *Torres*, 555 F. Supp. 3d at 1298 (requiring at minimum a genuine summary of facts and opinions, not just "generic subject areas of anticipated testimony, without identifying the actual substance or content of the opinions on which testimony is expected"; the expert must "do more than merely produce medical records." (alterations accepted)).

Plaintiff's disclosures do none of that and they do not comply with Rule 26.³

## C. Plaintiff's "Delay" Narrative Misstates Both the Record and the Law

In an apparent attempt to excuse his own inattention to the Rules and what they require, Plaintiff attempts to recast this as a timing dispute. It is not.

Rule 26 places the burden of compliance squarely on the disclosing party. The obligation to provide a compliant disclosure is not triggered by an objection from the opposing side. It exists independent of one. *See Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) ("Because the expert witness discovery rules are designed to allow both sides in a case to

---

³ Interestingly, without submitting any evidence of efforts made to cure the deficiency, Plaintiff suggests that any inability to supplement was attributable to the fact that the treating providers were not retained experts and therefore may not have been as responsive as retained witnesses. Doc. 39 at 5–6 (citing *Milton v. C.R. Bard, Inc.*, No. 5:14-cv-00351-TES, 2021 U.S. Dist. LEXIS 2338, at *31 (M.D. Ga. Jan. 6, 2021)). But *Milton* does not assist Plaintiff for two independent reasons. First, the court there found the disclosures sufficient precisely because they identified both the subject matter and the actual opinion — the very combination absent here. Second, *Milton's* recognition that non-retained experts may be less responsive to counsel presupposes some evidentiary basis for that conclusion — an affidavit, correspondence, or other record showing counsel attempted and failed to obtain compliant summaries. Plaintiff submitted nothing of the sort. To the contrary, his own witness's production demonstrates that communication with treating providers' offices was occurring during the relevant period. In the materials disclosed in connection with Dr. Afshari's Life Care Plan, Dr. Afshari documented communications with Nicholas Caputo, a treating physician's assistant at Erik Bendicks's practice, and reflected that another physician's assistant, Douglas Hernandez, completed a questionnaire he submitted. (*See* Ex. A.) This is therefore not a case in which there is evidence that counsel attempted and failed to obtain opinions. It is a case in which no opinions with a Rule 26(a)(2)(C)-compliant summary were provided even after the deficiency was raised.

prepare their cases adequately and to prevent surprise, *compliance with the requirements of Rule 26 is not merely aspirational*." (emphasis added)). That principle applies squarely here. Plaintiff filed his disclosures on August 27, 2025. He bore the obligation from that moment to provide compliant disclosures. That Defendants did not flag the deficiency until December does not diminish, much less extinguish, the obligation Plaintiff assumed when he served them.

Plaintiff's "112-day" framing cannot survive scrutiny. Rule 26 sets no clock on the opposing party — only on the disclosing one. And implicit in that framing is the critical fact Plaintiff cannot avoid: Defendants did alert him, before the close of discovery, and he had the opportunity to supplement.

Plaintiff ignores two critical issues, both of which defeat his attempt to shift blame. First, he did nothing to cure the deficiency when notified. He did not serve amended summaries. He did not clarify the opinions to be offered. He did not seek an extension of deadlines. He did nothing and chose to stand on the disclosures as served and that choice alone distinguishes this case from every authority Plaintiff cites in support of his "112-day" framing.[4]

---

[4] In support of his attempt to shift the blame for his noncompliance onto Defendants, Plaintiff relies on four cases that are so factually inapposite that they actually support Defendants' position here.

*Kondragunta*, **2013 U.S. Dist. LEXIS 39143 (N.D. Ga. Mar. 21, 2013)**: Although the court found that the plaintiff's "laundry list" disclosures "came nowhere near" to satisfying Rule 26(a)(2)(C)(ii), it declined to exclude the opinions in part because

Plaintiff cannot complain of compressed timelines while simultaneously declining to cure a defect once it was identified. The Rules do not require the opposing party to demand compliance multiple times. They required it once. Plaintiff ignored it.

Second, Plaintiff's 112-day argument also ignores a threshold problem his disclosures created that no cure letter could resolve. Whether a treating provider offering causation opinions must submit a full Rule

---

defendants possessed the deficient disclosure during discovery and did not raise the issue, thereby depriving plaintiff of the opportunity to cure within the discovery period.

*Woienski v. United Airlines, Inc.*, **383 F. Supp. 3d 1342 (M.D. Fla. 2019)**: There too, the court emphasized that defendants had the deficient disclosure for ten weeks, deposed the physician, made no on-the-record objection nor complained of the brevity of the disclosure during the deposition, and raised the issue only later in a *Daubert* motion. The court held: "Where the opponent of the proffered expert fails to either attempt to resolve the defective expert report in good faith *or* fails to move for an order requiring a more detailed response under Rule 26, that party cannot be heard to complain of prejudice." *Id*. at 1345. (emphasis added).

*Griffith v. GMC*, **303 F.3d 1276 (11th Cir. 2002)**: The Eleventh Circuit affirmed the refusal to impose sanctions where the plaintiff had the challenged disclosure for more than *two years*, had deposed the expert, and waited until the eve of trial to raise the issue. *Id*. at 1283. Importantly, the deficiency at issue was narrow — the failure to supply a complete list of prior cases in which the expert had testified — not the absence of disclosed opinions themselves. *Id*. at 1282.

*Torres*, **555 F. Supp. 3d 1276 (S.D. Fla. 2021)**: Like the others, *Torres* turned on a defendant's silence during discovery. Because Plaintiff relies on *Torres* as his primary defense to Rule 37 exclusion — not merely as a sandbagging case — it is addressed in detail in Section D.

All of these cases stand for a consistent proposition: where a party receives allegedly deficient expert disclosures during discovery and does nothing—either failing to attempt to resolve the defect in good faith or failing to seek relief under Rule 26—that party cannot later claim prejudice. That is not what occurred here. Defendants alerted Plaintiff to the deficiencies before the close of discovery, providing an opportunity to cure. Plaintiff chose not to supplement. Rule 37 does not protect that choice.

26(a)(2)(B) report rather than a Subsection (C) summary is a fact-intensive question that turns on the nature of the opinion to be offered — and courts in this District have answered it squarely in the causation context. *See Rice v. Self*, No. 1:21-CV-0820-SCJ, 2023 U.S. Dist. LEXIS 181274, at *26 (N.D. Ga. Feb. 22, 2023) ("Because Dr. Newfield is designated to opine about causation (involving a hypothesis), a full expert report under Rule 26(a)(2)(B) was required."); *Kondragunta*, 2013 U.S. Dist. LEXIS 39143, at *37-38 (holding that if a physician's opinion was based on facts gathered outside the course of treatment or involves hypotheticals, a full Rule 26(a)(2)(B) report is required).[5]

    Every provider here is sought to offer causation opinions. Disclosures so bare they cannot satisfy even the lesser Subsection (C) standard necessarily fall short of Subsection (B) as well. And that gap is not something a letter requesting supplemental summaries can fix. Defendants cannot reasonably be faulted for declining to treat a

---

[5] The "disclosures" of the radiologists highlight this problem. A radiologist's treating function ends at film interpretation — identifying what the imaging shows. The moment a radiologist opines that observed findings were caused by a specific accident on a specific date, presumably what they are sought to opine on here, that witness has necessarily stepped outside treatment. To reach a causation opinion, the radiologist must be supplied with the accident history, mechanism of injury, temporal relationship between the accident and imaging, prior imaging for comparison, and the plaintiff's pre-existing condition history, none of which comes from reading a film. Opinions formed from that supplied information are acquired in anticipation of litigation, not during treatment. A radiologist need not know what happened to the patient to render a treatment opinion about what a film shows.

potentially Subsection (B)-deficient disclosure as though a simple cure letter were the appropriate remedy.

Plaintiff's "delay" narrative thus fails on both ends. He cannot escape responsibility for the deficiency by pointing to when Defendants objected, because Rule 26 never conditioned his compliance obligation on their objection. And he cannot escape the consequences of inaction by pointing to compressed timelines, because it was his own refusal to cure — after being told, during discovery, that his disclosures were deficient — that created those timelines. The record here is the precise inverse of every case Plaintiff cites, and Rule 37 applies accordingly.

### D. Rule 37(c)(1)'s Self-Executing Sanction Requires Exclusion and Plaintiff's reliance on *Torres* is misguided

Rule 37(c)(1) provides the default consequence for failure to comply with Rule 26(a): if a party fails to provide required disclosures, the party is not allowed to use that information or witness unless the failure was substantially justified or harmless. The sanction is self-executing. *Berrada v. Amazon.com Servs. LLC*, No. 6:23-cv-1035-GAP-RMN, 2024 U.S. Dist. LEXIS 134315, at *7 (M.D. Fla. July 30, 2024). The burden falls on the non-disclosing party to prove substantial justification or harmlessness, not on the moving party to demonstrate prejudice or bad faith. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. March 9, 2009); *J.G. v. Northbrook Indus.*, No. 1:20-CV-05233-SEG, 2024 U.S. Dist.

LEXIS 190309, at *54 (N.D. Ga. Aug. 15, 2024). Plaintiff has satisfied neither burden.

Here, Plaintiff failed to provide compliant Rule 26disclosures identifying the specific opinions to be offered and the facts supporting those opinions. That is not a minor omission. It is a failure to make the very disclosures the Rule requires.

More importantly, the deficiency was brought to Plaintiff's attention before the close of discovery. He was given the opportunity to cure. He did not amend the summaries. He did not clarify the opinions. He did not seek additional time. He chose to stand on the disclosures as served, effectively doubling down on their sufficiency.

Having raised the issue during discovery and requested compliance, Defendants are not foreclosed from seeking exclusion. As the court explained in *Woienski*, a party who "fails to either attempt to resolve the defective expert report in good faith *or* fails to move for an order requiring a more detailed response under Rule 26 … cannot be heard to complain of prejudice." 383 F. Supp. 3d at 1345 (emphasis added). The inverse is equally true: where the deficiency is raised during discovery and the disclosing party declines to correct it, the complaint is justified. That is precisely the circumstance here.

The Eleventh Circuit evaluates whether exclusion is warranted under three factors: the explanation for the failure, the importance of the testimony, and the prejudice to the opposing party. *Romero v. Drummond*

*Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008).[6] Critically, the importance of the testimony can be outweighed by the other two factors. *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("Regardless of the importance of [the] testimony, the reasons for the delay in [plaintiff's] disclosure and the consequent prejudice that [the] testimony would have caused [defendant] require us to affirm the district court's ruling."). All three factors favor exclusion here.

**First — No Substantial Justification.** Plaintiff argues his laundry list of topics and references to medical records were sufficient. They were not. Records alone do not satisfy Rule 26(a)(2)(C). *Worley*, 2023 U.S. Dist. LEXIS 14327, at *21. The Rule requires a summary of the specific opinions and the facts supporting them — not a catalog of potential topics the witness might address. The deficiency was identified before discovery closed. Plaintiff did not amend, did not clarify, and did not seek additional time. He chose to stand on the disclosures as served. That is not inadvertence. It is a conscious decision to proceed without providing the summary the Rule requires.[7] A party who is told his disclosures are

---

[6] In *Romero*, the Eleventh Circuit clarified that its 3-factor test is consistent with a prior 5-factor one set forth in *United States v. Koziy*, 728 F.2d 1314 (11th Cir. 1984). Accordingly, Defendants apply the 3-factor test.

[7] As the court noted in *Berrada*, "the 'substantially justified or harmless' exception is intended primarily for inadvertent omissions." 2024 U.S. Dist. LEXIS 134315, at *8 n.6 (alteration accepted) (citing Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993 amendment)). This was not inadvertence. Plaintiff was notified of the deficiency and chose to stand on the disclosures. Under those circumstances, the exception is especially narrow. And Plaintiff cannot satisfy it.

deficient, declines to cure them, and then argues at the motion stage that they were sufficient all along has not provided substantial justification. He has, instead, compounded the original noncompliance.

**Second — Importance Does Not Excuse Noncompliance.** Admittedly, this factor could cut both ways. Causation is central to Plaintiff's case; but the more important the testimony, the greater the need for strict compliance with Rule 26. Rule 26 is not relaxed when the stakes are high. If anything, the importance of causation testimony heightens the need for precise advance disclosure so that Defendants can make informed decisions about rebuttal experts, deposition strategy, and trial preparation. Importance does not excuse noncompliance. It underscores why the rules exist.

Plaintiff's lone case, *Torres v. Wal-Mart*, offers no refuge. *Torres* did not hold that important testimony is immune from exclusion. It declined to penalize a plaintiff whose deficiency went entirely unaddressed by the opposing party during discovery. 555 F. Supp. 3d at 1300. ***That is not this case.***

The more analogous case is *Worley v. Carnival Corp.*, where the court excluded undisclosed causation and future-care opinions even though they were central to the plaintiff's case. The court noted

–10–

specifically that the defendant had flagged the deficiency and plaintiff had done nothing.[8] The same result should follow here.

**Third — The Prejudice Is Real, Not Self-Inflicted, and Cannot Be Cured.** The prejudice Defendants suffered is precisely the harm Rule 26 is designed to prevent. Without compliant summaries, Defendants faced an impossible choice: depose seven treating providers blind — paying rates often exceeding $1,000 per hour not merely to explore disclosed opinions, *but to elicit and fund the formulation of opinions for the first time* — or forego depositions entirely and risk trial ambush. Either path imposed a burden Rule 26 places squarely on the disclosing party.

Rule 26 does not contemplate deposition as a substitute for disclosure; its purpose is to surface opinions before the parties incur the expense of examination, not after.[9] Requiring Defendants to depose these providers would not cure the disclosure failure. It would reward it,

---

[8] *See Worley*, 2023 U.S. Dist. LEXIS 14327, at *27-28 (Because there was an inadequate disclosure concerning Dr. Lang's purported expert opinion on causation, he may not testify about any opinions or information other than about his treatment of Worley and his observations of her condition. In other words, he may testify as a lay witness, providing fact witness testimony about what happened during her stay at the University of Miami Hospital, observations about her condition and treatment, and Worley's course of treatment.").

[9] *See Nolan v. BNSF Ry. Co.*, No. CV-12-08229-PCT-PGR, 2014 U.S. Dist. LEXIS 199199, at *5 (D. Ariz. Sep. 23, 2014) ("[Defendant] is not required to depose experts disclosed by [plaintiff] in an attempt to uncover the expert's opinions. To the contrary, [defendant] is entitled to receive from [plaintiff] an expert disclosure that sets forth any opinion the expert will proffer so that [it] can make an informed decision as to whether it is even necessary to depose the expert and, further, whether a responding expert is needed.").

shifting onto Defendants the burden and cost of developing opinions that Plaintiff was obligated to disclose in the first instance. That result inverts the Rule's purpose entirely.[10]

Plaintiff's only answer is *Torres*. But *Torres* is distinguishable for a single, dispositive reason: the defendant there said nothing during discovery and waited until after discovery had closed to raise the issue for the first time — conduct the court expressly characterized as "gamesmanship." *Torres*, 555 F. Supp. 3d at 1300. The court minimized prejudice because Wal-Mart created it. The court further found, likely driven by the defendant's silence, that "the deficient disclosure was simply a mistake." *Id.* at 1299.

Here, the opposite occurred at every step. Defendants raised the deficiency before discovery closed. Plaintiff had the opportunity to supplement. He chose not to. The court in *Torres* declined to penalize a

---

[10] Nor should Defendants be faulted for declining to depose these providers upon receipt of disclosures so bare they provided no roadmap for examination. As the court observed in *Worley*, the disclosures at issue there were "not sufficient to inform a decision about whether to take a deposition of the doctors." 2023 U.S. Dist. LEXIS 14327, at *30. The same is true here. And as the court observed in *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 U.S. Dist. LEXIS 151525 (S.D. Fla. Aug. 20, 2020), a case involving similar boilerplate, duplicative, generic topic listings under the guise of a Rule 26(a)(2)(C) disclosure:

> At best, they simply say that the six witnesses will have some opinions and that those opinions will be based on specific facts -- but the actual facts and opinions, tailored to *this* case, were not provided. Saying that a doctor will have an opinion without revealing the actual opinion is tantamount to saying nothing at all. Indeed, the disclosures here are so generic that they could be used in *any* lawsuit involving physical injuries.

*Id.* at *11 (all emphasis in original).

plaintiff who was never told his disclosures were deficient. This Court would be doing something altogether different if it declined to impose the Rule's consequences on a plaintiff who was told, during discovery, that his disclosures were deficient and who made a deliberate decision to do nothing about it. *Torres* protects against sandbagging. It does not protect a party who, once notified of a deficiency, elects to stand on a noncompliant disclosure.

  *Torres* turned on a single fact that is missing here. As a result, it provides no guidance. Indeed, the court in *Worley* expressly distinguished *Torres* on this precise factual basis. The court in *Worley* found it "significant that [the defendant] specifically flagged the deficient Rule 26 disclosure to Plaintiff's counsel in an email but Plaintiff's counsel did not provide any amendments or supplements," and held that this fact created "a significant distinction from cases in which the party seeking to exclude expert opinion testimony withheld its objection and did not timely seek to obtain the disclosures or more information about purportedly inadequate disclosures." 2023 U.S. Dist. LEXIS 14327, at *24. The court held that the "purpose of these disclosure requirements is so that opposing counsel is not forced to depose an expert in order to avoid ambush at trial." *Id.* at *32 (citations omitted). In other words, forcing a defendant to depose treating physicians to discover opinions that should have been disclosed in advance constitutes real, non-self-inflicted

prejudice under Rule 37(c)(1). The prejudice was not hypothetical. It was the precise harm the disclosure rules exist to prevent. *That is this case*.

In the end, the first and third factors decisively outweigh the second. Plaintiff's failure was not inadvertent. It was a deliberate choice made after the deficiency was identified. The prejudice is real, it is not self-inflicted, and no cure exists.[11]

The purpose of Rule 26 is to give both sides the information they need to prepare, not to fund the discovery of opinions the disclosing party was obligated to disclose in the first instance. That purpose was defeated here. Under the Eleventh Circuit's framework, exclusion is required.

---

[11] Although the Eleventh Circuit articulates the inquiry in three factors, some courts also consider whether a continuance could cure prejudice. Even if that additional consideration were applied here, reopening discovery would reward noncompliance and shift the burden of Plaintiff's Rule 26 failure onto Defendants.

Moreover, reopening discovery is not a remedy available in this case. The Court's August 13, 2025 Order granting the parties' joint extension expressly cautioned that "[g]iven the length of this extension, the parties should not expect future extensions." Having that Order in hand when he served the non-compliant disclosures forecloses any suggestion that a continuance or limited discovery reopening would be an appropriate cure for Plaintiff's noncompliance.

If, however, the Court is inclined to excuse Plaintiff's noncompliance, Defendants respectfully request that the Court first require Plaintiff to serve Rule 26-compliant disclosures for *each* treating provider he actually intends to call at trial—setting forth the specific opinions and the factual bases for those opinions or providing the required Report if causation testimony is sought to be eleicited—and to provide firm deposition dates for those witnesses. Defendants further request a limited reopening of discovery for the limited purposes of conducting those depositions after compliant disclosures are served, so that any testimony is explored with full knowledge of the opinions to be offered rather than through blind examination, and so that Defendants may decide if rebuttal expert testimony is required.

–14–

### E. Conclusion

Plaintiff received notice of his disclosure deficiencies during discovery. Defendants spoke. Plaintiff chose not to listen. That choice — deliberate, informed, and made with full knowledge of the consequences — is what Rule 37(c)(1) addresses. The rule does not require Defendants to ask twice, and it does not reward a party who bets that noncompliance will go unpunished.

Defendants respectfully request that the Court grant the Motion and exclude any causation testimony from Plaintiff's improperly disclosed treating providers.

Respectfully submitted, this 5th day of March 2026.

**Hawkins Parnell & Young, LLP**

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
T: 404-614-7400
F: 855-889-4588
skeith@hpylaw.com
jweiss@hpylaw.com

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Jacob M. Weiss
Georgia Bar No. 303709
*Counsel for Defendants*

## Certificate of Service

I hereby certify that on this 5th day of March 2026, my office electronically filed the foregoing Defendants' Reply in Support of their Motion to Exclude Causation Testimony from Improperly Disclosed Treating Physician Expert Witnesses with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to all counsel of record.

**Hawkins Parnell & Young, LLP**

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317

## Certificate of Compliance

Pursuant to Local Rule 5.1(C), I hereby certify that the foregoing Reply was prepared using Book Antiqua, 13-point font, in compliance with Local Rule 5.1(B).

**Hawkins Parnell & Young, LLP**

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317